**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEAGUE TO SAVE LAKE TAHOE; SIERRA CLUB, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> TAHOE REGIONAL PLANNING AGENCY, <br><br> Defendant - Appellant. | No. 10-17891 <br><br> D.C. No. 2:08-cv-02828-LKK-GGH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted February 15, 2012
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and TIMLIN, Senior District Judge.[**]

Defendant-appellant Tahoe Regional Planning Agency ("TRPA") appeals

the district court's grant of summary judgment in favor of plaintiffs-appellees

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

League to Save Lake Tahoe and Sierra Club, vacating TRPA's adoption of amendments to its regulation of the shorezone region of Lake Tahoe (the "Shorezone Amendments"). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

As TRPA concedes, the environmental impact statement ("EIS") for the Shorezone Amendments failed to explain and evaluate the impact of replacing unauthorized boat buoys currently on Lake Tahoe with permitted buoys on a one-for-one basis. This is due, at least in part, to the fact that TRPA compared the impact of the proposed project to an environmental baseline that included those existing, unauthorized buoys. We agree with the district court that "in light of [these] concerns and TRPA's failure to identify any discussion in the EIS of why this baseline was chosen, the baseline is arbitrary and capricious in light of TRPA's failure to consider an important aspect of the problem and to articulate a rational connection between the facts found and conclusions reached."

However, we vacate the district court's alternative holding that TRPA's "use of the number of existing buoys, rather than the number of existing buoys authorized by TRPA, as the baseline, was contrary to the [Tahoe Regional Planning] Compact and therefore arbitrary and capricious." Based on the record before us, we cannot say that the *only* way for TRPA to satisfy its obligations

2

under the Compact would be to exclude unauthorized, existing buoys from the baseline.  TRPA shall retain discretion on remand to determine the best way to explain and evaluate the impact of the proposed project and its choice of an appropriate baseline.

Costs on appeal are awarded to TRPA.

**AFFIRMED in part, VACATED in part, and REMANDED.**